JOEL WIESSTEIN, Appellant, *v.* MORRIS M. MUSHLIN, Respondent.

Supreme Court, Appellate Term, First Department, June 23, 1931.

*Joseph Mendlowitz,* for the appellant.

*Anton Gronich,* for the respondent.

PER CURIAM. The extension of the court's time to decide the motion was ineffectual in that no definite time limit was fixed. (*Cohen* v. *Rafsky,* 187 N. Y. Supp. 62.)

Order reversed, with thirty dollars costs, and verdict reinstated.

All concur.

### OPINION ON MOTION FOR REARGUMENT.

LEVY, J. At the close of the trial defendant's counsel moved to set aside the verdict on the usual grounds, and the court reserved decision, the parties stipulating that " the statutory time of the court to decide the motion is waived by both sides."

I am convinced we erred in deciding on the authority of *Cohen* v. *Rafsky* (187 N. Y. Supp. 62) that the parties in their stipulation should have fixed a definite time for the decision of the motion, in

accordance with section 119 of the Municipal Court Code. In that case it does not appear that there was in the record any agreement by the parties extending the time of the trial judge to decide the issues, and the statement in the opinion that the agreement must fix a definite date for decision is manifestly *obiter*.

Where it is agreed that the time to decide be extended for a certain number of days, the decision should be made within the limited period, but if the parties by their stipulation waive the statute without fixing a time limit, an objection by the unsuccessful party made for the first time after the justice has rendered his decision is unavailing.

Upon the facts the trial judge was warranted, in his discretion, in setting aside the verdict and ordering a new trial.

Motion for reargument granted, and upon reargument order of this court dated May 14, 1931, vacated, and order of the Municipal Court affirmed, with twenty-five dollars costs to respondent to abide the event. Motion for leave to appeal to the Appellate Division dismissed.

CALLAHAN, J., concurs; PETERS, J., dissents.